IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIE SUE PACOT,<br><br>Defendant. | CR 15-80-BLG-SPW<br><br>ORDER |

On March 7, 2017, Defendant Jennie Pacot appeared before the Court for her initial appearance and arraignment on the Indictment filed against her. The Court advised Defendant of her rights relative to the charges set forth in the Indictment. The Defendant entered a plea of not guilty to the charges.

The United States requested that Defendant be detained pending her trial. The Defendant requested that she be released and she requested a detention hearing, but she moved to continue the hearing until an indefinite later date. The Court granted her motion.

The Court has authority to detain a criminal defendant pending a trial if the Court "finds that no condition or combination of conditions will reasonably assure

1

the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). There exist, however, situations giving rise to a presumption of detention under the foregoing standard.

The Court finds the Indictment filed in this case charges Defendant with conspiring to distribute methamphetamine, and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The charges invoke the presumption contained in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community, and that the Defendant should be detained. This presumption, however, is rebuttable.

Although the presumption imposes a burden of production on the defendant, the burden of persuasion with regard to both the risk of flight and dangerousness remains with the government. *United States v. Moss*, 887 F.2d 333, 338 (1st Cir. 1989). Nonetheless, a defendant must still produce some relevant evidence to satisfy her burden of production. *United States v. Jessup*, 757 F.2d 378, 381 (1st Cir. 1985).

Since, at this time, Defendant has waived her right to a detention hearing, she has not met her burden of producing evidence to rebut the presumption of her detention. Therefore, pursuant to the statutory presumption under 18 U.S.C. §

3142(e) the Court will order Defendant detained pending trial, subject to her right to request a detention hearing.

The Court will leave the issue of Defendant's release or detention open. If Defendant desires a detention hearing she shall file a motion requesting the hearing as permitted under 18 U.S.C. § 3142(f).

Therefore, IT IS HEREBY ORDERED the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 7th day of March, 2017.

Jeremiah C. Lynch
United States Magistrate Judge